J-S26028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES SHEPPARD | : | |
| | : | |
| Appellant | : | No. 290 EDA 2023 |

Appeal from the PCRA Order Entered December 29, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0606581-1973

BEFORE: STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED OCTOBER 11, 2023**

Charles Sheppard appeals *pro se* from the order denying his latest, untimely-filed petition pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

Previously, this Court has summarized the pertinent facts and extensive procedural history as follows:

> On October 23, 1973, [Sheppard] pleaded guilty to receiving stolen property and was sentenced to three years' probation. On September 7, 1974, while still on probation, he participated in a robbery that resulted in the death of a victim. [Sheppard was not arrested for this crime until July 1978, as he had fled and lived as a fugitive for four years following the robbery.] He was subsequently convicted of second[-]degree murder and sentenced to life imprisonment on March 6, 1979. On November 20, 1978, the trial court revoked his probation stemming from his 1973 receiving stolen property conviction, and imposed a two and one-half to five year sentence of incarceration.
>
> [Sheppard] filed a direct appeal. On June 25, 1979, while the appeal was pending, the Commonwealth asked that the matter be remanded for an evidentiary hearing to determine

whether [Sheppard] received the requisite written notice of the probation violation prior to the revocation hearing. The Commonwealth's request was granted and the sentence vacated due to [Sheppard's] lack of proper notice. A new violation of probation hearing was held on January 16, 1980, at which [Sheppard] once again received a two and one-half to five[-]year incarceration sentence, consecutive to his life sentence.

On October 4, 1983, [Sheppard] filed a petition under the Post Conviction Hearing Act (PCHA), the predecessor to the PCRA, challenging the revocation of probation, but his petition was denied June 25, 1985. [Sheppard's] appeal to this Court was dismissed due to his counsel's failure to file a timely appellate brief. [Sheppard] filed a second PCHA petition in July 1986, but this was also dismissed for defense counsel's failure to file a brief. On August 12, 1988, [Sheppard's] third PCHA petition was granted and this Court affirmed the PCHA court's denial of his original PCHA petition.

[Sheppard] the filed a *pro se* petition for writ of *habeas corpus*, but his petition was denied on January 9, 1990. On January 10, 1991, this Court reversed the trial court's denial of *habeas corpus* relief, vacated the sentence imposed at the second violation of probation hearing, and re-imposed the two and one-half to five[-]year imprisonment sentence. ***Commonwealth v. Sheppard***, No. 00287 PHILADELPHIA 1990 (unpublished memorandum) (Pa. Super. filed 1/10/91). [Sheppard's] petition for allowance of appeal to the Pennsylvania Supreme Court was denied on September 4, 1991. [Sheppard] filed two more PCRA petitions, on February 25, 1994 and January 5, 1997, respectively. Both petitions, however, were dismissed as untimely and the dismissals were affirmed by this Court. On April 17, 2007, [Sheppard filed a writ of *habeas corpus* that the court treated as a PCRA petition], which was once again dismissed as untimely. [Sheppard appealed].

***Commonwealth v. Sheppard***, 986 A.2d 1265 (Pa. Super. 2009), non-precedential decision at 1-3 (footnotes omitted). On September 2, 2009, this Court concluded that the PCRA court correctly treated his *habeas corpus* petition under the PCRA and dismissed it as untimely. ***Id***.

On April 6, 2020, Sheppard filed a petition for writ of *habeas corpus ad subjiciendum*. On October 25, 2022, the PCRA court issued a Pa.R.A.P. 907 notice of its intent to dismiss Sheppard's petition, which the court treated as a serial PCRA petition. The court stated therein that Sheppard's latest PCRA petition was untimely, and Sheppard did not invoke an exception to the PCRA's time bar. Sheppard filed a response. By order entered December 29, 2022, the PCRA court denied Sheppard's petition. This appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Sheppard raises the following issues on appeal:

1. Did the [PCRA] court err by not granting [Sheppard] a hearing on his petition for writ of *habeas corpus*, which resulted in a violation of substantive due process and the equal protection of the law?

2. Can a court resentence a defendant to a term of imprisonment that has already expired by operation of law, and modify the sentence that increased his period of incarceration 13 years after the original lawful sentence went into effect, thus resulting in double jeopardy and a miscarriage of justice under the state and federal constitutions?

3. Did the [PCRA] court err and deny [Sheppard] due process of law and the equal protection of law, and he suffers under cruel punishment in violation of his state and federal constitutional rights?

4. Did the [PCRA] court err by not granting [Sheppard] a hearing in violation of his state and federal constitutional right to a writ of *habeas corpus*; and the court failed to credit him for time served and spent in custody.

Sheppard's Brief at 8 (italics added; excess capitalization omitted).

Using the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. **Commonwealth v. Blakeney**, 108 A.3d 739, 749-50 (Pa. 2014) (citations omitted). We apply a *de novo* standard of review to the PCRA court's legal conclusions. **Id.**

Before we consider the issues Sheppard raises on appeal, we first note that the PCRA court properly considered his latest filing for post-conviction relief as a serial PCRA petition because the sentencing claims within his petition are cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9542 (providing that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose . . . including *habeas corpus*"); **Commonwealth v. Descardes**, 136 A.3d 493, 499 (Pa. 2016) (explaining that "claims that could be brought under the PCRA must be brought under that Act. . . . A claim is cognizable under the PCRA if the . . . conviction resulted from one of seven enumerated errors set forth in 42 Pa.C.S. § 9543(a)(2)").

Treating Sheppard's filing as a PCRA petition, we must next determine whether the PCRA court's conclusion that his latest PCRA petition was untimely filed, and that he failed to establish a time-bar exception. The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year

of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Sheppard's judgment of sentence became final on December 3, 1991, ninety days after our Supreme Court denied his petition for allowance of appeal, and the time for filing a writ of *certiorari* to the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Sheppard had until December 3, 1992, to file a timely petition. Because Sheppard filed

the petition at issue in 2020, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Sheppard has failed to plead and prove any exception to the PCRA's time bar. As noted by the PCRA Court:

> [Sheppard] makes no attempt to invoke an exception to the PCRA's time bar, arguing instead that the PCRA does not apply to his claims. It does. [Sheppard's] erroneous denial of the PCRA's applicability falls short of satisfying his burden of demonstrating that one of the three statutory exceptions to the PCRA's timeliness requirement applies to his petition.

PCRA Court Opinion, 12/29/22, at 2-3 (unnumbered). In both his appellate brief and reply brief, Sheppard persists in his belief that his claims do not fall within the purview of the PCRA and addresses the alleged merit of the substantive issues enumerated above.

In sum, the PCRA court correctly treated Sheppard's latest filing as an untimely PCRA petition and, therefore, the PCRA court correctly determined that it lacked jurisdiction to consider the merits of Sheppard's petition. **Derrickson**, **supra**. We therefore affirm its order denying Sheppard post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>October 11, 2023</u>